# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50156 | **DATE** | 8/8/2002 |
| **CASE TITLE** | Serena Hackler vs. City of Waterman, et al. | | |

**MOTION:**   [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, the City of Waterman's motion to dismiss Count I is granted and Count I is hereby dismissed. As Count I is the only count against the City, it is dismissed as a defendant. Hackler has twenty-one days to amend the complaint.

*Philip G. Reinhard*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | AUG – 8 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 8/8/2002 | |
| smw | courtroom deputy's initials | | | date mailed notice | |
| | | | | smw | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

(stamp) U.S. DISTRICT COURT CLERK  02 AUG –8 PM 2: 51

Plaintiff, Serena Hackler, has filed a four-count complaint pursuant to 42 U.S.C. § 1983 against defendants City of Waterman ("City"), Charles Breese sued in his individual and official capacities as a City police officer, and Bernard Hackler, and alleges defendants violated her Federal constitutional rights when arresting her for "Unlawful Visitation Inference," under Illinois state law. 720 ILCS 5/10-5.5. The City has filed a motion to dismiss Count I pursuant to Federal Rule of Civil Procedure 12(b)(6). Count I purports to allege a claim against the City based on Hackler's arrest by Breese. Because the complaint alleged various constitutional violations under 42 U.S.C. § 1983, defendants removed the case to this court on the basis of federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441. Venue is proper as the alleged events took place in this district and division. See 28 U.S.C. § 1391(a).

Count I, according to Hackler's complaint, is against the City for a violation of 42 U.S.C. § 1983, stemming from the alleged unlawful arrest of Hackler by Breese. Hackler alleges that Breese arrested her in front of her minor child for violating the visitation provisions of a court order. (Compl. ¶ 2). Breese is alleged to also have had no probable cause for the arrest, which deprived Hackler of her Fourth Amendment rights. The City argues that the facts pled seek to improperly hold the City liable under § 1983 based on *respondeat superior* for the actions of one of its officers.[1]

"[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Deptartment of Soc. Serv. of the City of New York, 436 U.S. 658, 691 (1978). There are three ways, that if pled by a Hackler, a municipality can be held liable under § 1983: (1) by an express policy that, when enforced, causes a constitutional deprivation; (2) by a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) by an allegation that the constitutional injury was caused by a person with final policymaking authority. See id. at 694; Baskin v. City of Des Plaines, 138 F.3d 701, 704 (7th Cir. 1998). Hackler's complaint, however, does not allege that Breese's actions were taken as a part of an express policy, a widespread practice, or that Breese had final policymaking authority for the City. In fact, Hackler does not allege any of these facts until her response to the City's motion. The complaint does mention the City once in the title, but makes no mention of why the City should be liable for the actions of its employee. Hackler's claim falls under a theory of *respondeat superior*. The court finds that Count I does not state a claim upon which relief can be granted because *respondeat superior* is not a claim upon which a municipality can be held liable under § 1983.

For the foregoing reasons the City's motion to dismiss Count I is granted and Count I is hereby dismissed. As Count I is the only count against the City, it is dismissed as a defendant. Hackler has twenty-one days to amend the complaint.[2]

---

[1] Contrary to what the City suggests in its reply brief, a single decision by municipal policymakers under appropriate circumstances may impose liability upon a municipality. Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986).

[2] The court reminds Hackler and her counsel that under Rule 11 all representations to the court, such as a claim or defense, must be "warranted by existing law" and pleadings with no basis in fact or law are grounds for sanctions. Fed. R. Civ. P. 11(b)(2).